UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Engel,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Time Warner Cable, Charter Communications, Spectrum, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. ED CV19-74 PSG (KKx)<br><br>**JUDGMENT GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Date: February 3, 2020<br>Time: 1:30 p.m.<br>Place: Courtroom 6A<br><br>Complaint Filed: May 25, 2018 FAC Filed: October 3, 2018  Trial Date: February 18, 2020 |

# [PROPOSED] JUDGMENT

~~The Motion for Summary Judgment or, in the alternative, Partial Summary Judgment by Defendant Charter Communications, LLC's ("Charter") was heard on February 3, 2020 at 1:30 p.m. in Courtroom 6A of the United States District Court for the Central District of California, before the Honorable Philip S. Gutierrez.~~

Upon review of the papers, authorities, and evidence submitted by the parties, as well as the arguments of counsel, and for good cause shown, the Court hereby finds that there are no genuine disputes of material fact on at least one required element of each of Plaintiff Jack Engel's ("Plaintiff") claims, and that Defendant is entitled to judgment as a matter of law as to all causes of action in Plaintiff's Complaint:

1. Plaintiff's First Claim for disability discrimination in violation of the Fair Employment and Housing Act fails because Plaintiff's injuries prevented him from performing his job's essential functions, rendering him unqualified and therefore unable to show a *prima facie* case. ~~Further, Plaintiff cannot show a *prima facie* case of disability discrimination because he cannot prove a causal connection between his disability and any adverse employment actions.~~ Finally, even assuming Plaintiff could show a *prima facie* case, he cannot prove that Defendants' legitimate nondiscriminatory reasons were pretextual. Thus, Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's First Claim.

2. Plaintiff's Second Claim for violation of the California Family Rights Leave Act ("CFRA") fails because the undisputed evidence shows Defendant neither interfered with Plaintiff's CFRA rights, nor retaliated against him for taking CFRA leave. Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's Second Claim.

3. Plaintiff's Third Claim for retaliation in violation of the Fair Employment and Housing Act fails because the undisputed evidence shows Plaintiff cannot prove a causal connection between a protected activity and any

adverse employment action.  ~~Plaintiff also conceded in his deposition that he does not believe Charter retaliated against him.~~  Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's Third Claim.

    4.    Plaintiff's Fourth Claim for failure to accommodate in violation of the Fair Employment and Housing Act because Defendant reasonably accommodated Plaintiff by placing him on a leave of absence.  Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's Fourth Claim.

    5.    Plaintiff's Fifth Claim for failure to engage in a good faith interactive process in violation of the Fair Employment and Housing Act fails because the undisputed evidence shows Defendant engaged in good faith in the interactive process throughout Plaintiff's leave of absence.  Plaintiff severed the process by failing to respond to Defendant's letter offering to consider alternative accommodations.  Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's Fifth Claim.

    6.    Plaintiff's Sixth Claim for failure to prevent discrimination in violation of the Fair Employment and Housing Act fails because the undisputed evidence shows that Plaintiff cannot establish Defendant discriminated against him.  This derivative claim therefore necessarily fails.  Defendant's motion for summary judgment is therefore **granted** as to Plaintiff's Sixth Claim.

**IT IS HEREBY ORDERED** that Charter's Motion for Summary Judgment~~,~~ ~~or in the Alternative, Summary Adjudication~~ is hereby **GRANTED** in its entirety. Plaintiff's Complaint is dismissed **WITH PREJUDICE** and judgment is entered in favor of Charter.

**IT IS SO ORDERED.**

Dated: January 31, 2020

_____
HONORABLE PHILIP S. GUTIERREZ
U.S. DISTRICT COURT JUDGE